GAUDIN, Judge.
Defendant Winn-Dixie Louisiana, Inc., has appealed suspensively from a judgment awarding to petitioner Judy Cancienne compensation benefits of $148.00 per week for 100 weeks, together with $8,000.00 as attorney fees, 12 per cent statutory penalties and legal interest. Also, plaintiff received medical expenses in the amount of $809.53.
Winn-Dixie’s primary arguments are that the trial judge erred (1) in finding that there had been a compensable accident and (2)in awarding attorney fees and penalties. We do not agree with either contention.
Miss Cancienne, a cashier and a 13-year Winn-Dixie employee with a good work record, contends that on September 10, 1979, she hurt her back while lifting a bag of groceries and placing it in a supermarket buggy.
Petitioner said:
“The buggy was a little bit forward and I had to overreach and when I did to place the bag in the buggy, I got a sharp pain in my back and into my thigh and into my leg area...”
Although in pain, Miss Cancienne said, she worked the remainder of that day and also the following two days.
On the third day after the accident, plaintiff said she planned to see a physician in the morning but worked instead at her employer’s request because of an approaching hurricane. “There was nothing but wall to wall people,” Miss Cancienne said.
Later that day (September 13th), petitioner did see Dr. Vincent Tumminello, who stated:
“The patient’s physical examination revealed difficulty in walking . .. There was notice of some decreased sensation in the left leg and foot, and decreased strength in the left great toe. It was my impression that the patient may have had a herniated disc at the level of L4-L5 region on the left side ...”
Back pains persisted and Miss Cancienne was hospitalized several times for tests. Dr. Naum Klainer eventually performed a lumbar laminectomy and disc excision.
Miss Cancienne testified that she orally reported the accident to store manager John Harrison on the day it occurred, although Harrison recalled Miss Cancienne saying that she’d hurt herself by falling in the bathtub.
To further substantiate the fact that an accident had in fact happened within the course and scope of her employment, plaintiff called as witnesses:
(1) Co-worker Janice Rivet, who said that Miss Cancienne was crying and appeared to be in pain following the accident on September 10th;
(2) Co-worker Linda Sevin, who testified that Miss Cancienne “. .. looked bad, very bad ...” the day of the accident and that she (Miss Cancienne) said “. . . she must have hurt herself lifting all those bags . . .";
(3) A1 Galloway, Miss Cancienne’s boyfriend, who stated that petitioner was “... in a lot of pain ...” the evening of the accident and that the pain lingered;
(4) Co-worker Shirley Powels, who said that on September 10th Miss Cancienne complained of pain in her back; and
(5) Ms. Rene Angelo, plaintiff’s sister, who said that after the September 10th accident Miss Cancienne “. . . couldn’t bend or nothing ...”
In his deposition, Dr. Klainer related Miss Cancienne’s disc problems to the September 10th lifting incident. “You can bend over to lift anything,” the doctor said, “and you can pop a disc...”
In the trial court’s judgment and in ours, Miss Cancienne proved that she injured her back in the supermarket on September 10th.
Attorney fees and penalties can be awarded, in accord with LSA-R.S. 23:1201.-2, if the employer fails to make compensation payments within 60 days after receipt of written notice or demand, if the failure is arbitrary, capricious or without probable cause.
*736 In contending that there was a serious dispute as to whether the injury was job-related, defendant relies mainly on a September 17,1979, medical report prepared by Dr. Ahmad Haffar, to whom Miss Cancienne was referred by Dr. Tumminello.
Dr. Haffar saw Miss Cancienne on September 13th and wrote:
“The patient .. . says that this past Monday, while she was at work as a cashier in a Winn-Dixie store, she experienced severe abrupt onset of hurting sensation emanating from the upper left buttock and radiating to the low back regions . . . The patient says that she did not have any type of injury such as falling on her hip or buttock or low back, or pushing or carrying something heavy, and this pain occurred spontaneously. Since then, the patient has been having remarkable pains and . . . she is having remarkable difficulty in walking ...”
Dr. Haffar’s impression:
“Acute low back injury. Possible herniated lumbar disc at L4-L5 and/or L5-S1 level on the left side.”
On October 17, 1979, Dr. Haffar’s associate, Dr. Carl Cullicchia, sent a follow-up medical report to Winn-Dixie in which he wrote:
“The patient states that she has some soreness in the low back region, and a sensation of numbness ... of the left thigh . . . The patient has informed me that the historical account of her illness is not accurate. She relates that while at work, she was engaged in bagging groceries. She lifted a heavy bag when she noted pain in the left low back region and some pain in the left leg ...”
Despite the wording in Dr. Cullicc-hia’s report and the undeniable knowledge that a longtime and faithful employee had suddenly become unable to work, defendant neither started compensation payments nor conducted an investigation into the cause and other particulars of Miss Cancienne’s accident. This is arbitrary and capricious within the meaning of the compensation statutes, and justifies an award for attorney fees and penalties.
Actually, Dr. Haffar’s report, saying “. .. that this past Monday, when she was at work as a cashier in a Winn-Dixie store, she experienced severe abrupt onset of hurting sensation ... ”, was of sufficient notice to at least cause an inquiry.
Absent manifest error, the trial court’s judgment in a workmen’s compensation case will not be disturbed on appellate review. Zimmerman v. United Machinery Corp., 208 So.2d 336, and numerous other cases.
Here, the awards are fully supported by the evidence and testimony, and we affirm.
AFFIRMED.